IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES C. KRAFCZEK** : | |
| Plaintiffs : | |
| v. : | |
| **AMERICAN CUSTOM GOLFCARS, INC.** : | CIVIL ACTION NO. 22-286 |
| and : | |
| **DANIEL V. HOOGENRAAD** : | JURY TRIAL DEMANDED |
| Defendants : | |

## AMENDED COMPLAINT

**I.   INTRODUCTION**

1. Plaintiff, Charles C. Krafczek (Krafczek), is suing American Custom Golfcars, Inc. (ACG), and its President, Daniel V. Hoogenraad (Hoogenraad), for selling Krafczek 12 custom golf cars, accepting a deposit of more than $77,000 and then failing to deliver any of the golf cars despite repeated assurances to do so. Defendants' wrongful conduct violates New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq. (NJCFA), and constitutes conversion, breach of contract, fraud, negligent misrepresentation, unjust enrichment and breach of the covenant of good faith and fair dealing. Krafczek seek damages against Defendants for: 1) lost deposit monies he paid to Defendants, 2) interest, 3) treble damages under the NJCFA, 4) attorney's fees and costs under the NJCFA, and 5) punitive damages for conversion, fraud and negligent misrepresentation.

**II.   JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Krafczek is a citizen of a different state than both Defendants.

3. Venue is proper in the District of New Jersey because Krafczek's claims arose in New Jersey and the transaction at issue in this case occurred in New Jersey.

**III.     PARTIES**

4. Krafczek is an adult who resides in Stone Harbor, New Jersey. Krafczek is also a citizen of New Jersey.

5. ACG is a California corporation with a principal place of business at 1486 E. Francis Street, Ontario, California 91761.

6. Hoogenraad is the President of ACG.

7. Hoogenraad is a citizen of California, and he resides at 7496 Lower Creek Street, Corona, California 92880.

**IV.     FACTUAL BACKGROUND**

8. ACG designs and manufactures custom electric powered golf cars it markets as "Mokes".

9. ACG claims that the golf cars it manufactures are more than just ordinary utilitarian golf carts. ACG claims that is why they refer to them as "Golf Cars." ACG claims that its "Golf Cars" have carlike features that are generally not available from other manufacturers of golf carts. ACG claims that many of its models can be optionally equipped so they are legally classified as a Low Speed Vehicle (LSV) or Neighborhood Electric Vehicle and therefore can be registered in most states for operation on public streets.

10. According to ACG's website (www.acgcars.us), in 1998, the National Highway Traffic Safety Administration (NHTSA) established a limited set of safety standards for LSVs intended for vehicles used "to make short trips for shopping, social, and recreational purposes primarily within retirement or other planned communities with golf courses."

11. According to ACG's website, to qualify as an LSV, a vehicle must have 1) 4 wheels, 2) top speed or more than 20 MPH but less than 25 MPH, and 3) gross vehicle weight rating of less than 3,000 lbs. (1,361 kilograms).

12. According to ACG's website, LSVs are exempt from most federal safety standards that apply to motor vehicles, and they are not required to meet any criteria for vehicle crashworthiness.

13. Attached below are images from ACG's website (accessed on January 13, 2022) showing examples of the vehicles they design, manufacture and sell.





14. According to ACG's website, its golf cars have been featured in major motion pictures, including two Batman movies and "The Rock" with Sean Connery.

15. According to ACG's website, ACG has more than 80 distributor/dealers worldwide and it sells 2,500 vehicles yearly.

16. In November 2020, Krafczek contacted Defendants about becoming a potential dealer of ACG's custom golf cars in the Stone Harbor/Avalon area.

17. Stone Harbor and Avalon are affluent beach communities. Krafczek believed that becoming a ACG distributor/dealer for that area would be a worthwhile endeavor.

18. In response to Krafczek's inquiry, Hoogenraad emailed Krafczek an application to become a ACG dealer.

19. On December 2, 2020, Krafczek emailed Defendants and stated that he lives in an affluent beach town where the speed limit on the entire 7 mile island is 25 MPH, making the ACG vehicles a perfect fit. Krafczek further stated he was looking to place an order for about 8-12 ACG vehicles.

20. On about December 22, 2020, Defendants sent Krafczek an invoice estimate for Krafczek to purchase 12 ACG vehicles. The total of the invoice was $154,590.00. The invoice

stated that a 50% deposit was required to confirm the order and the lead time to complete the order is 10-12 weeks from the confirmation of the deposit.

21. On December 29, 2020, Krafczek sent a wire transfer to ACG for the 50% deposit of $77,295.00.

22. The $77,295.00 wire transfer from Krafczek to ACG was deposited into ACG's bank account at JPMorgan Chase Bank in Chino Hills, California on December 29, 2020.

23. On January 21, 2021, Krafczek emailed Hoogenraad to inquire about the status of his order. Hoogenraad responded later that day by stating in part that "The cars are in production at the factory overseas and are being readied, they [sic.] I should have an update on them by Monday as far a ETA to ship to us here in California. I will let you know as soon as they get me the update."

24. On January 29, 2021, Krafczek emailed Hoogenraad to ask about the status of his order. Krafczek stated in part that he was "[j]ust trying to plan financially as well so I can wire u the final pmt – I may want to place another order in early April. – I just sold one of the light blue ones so now we have 4 of the 12 spoken for."

25. On February 4, 2021, Krafczek emailed Hoogenraad to again ask about the status of his order. Krafczek informed Hoogenraad that he had a sales team in place and wanted to get them acquainted with the vehicles in person well before May.

26. On March 5, 2021, Krafczek emailed Hoogenraad again checking on the status of his order. He informed Hoogenraad that he had 5 vehicles sold.

27. On March 15, 2021, Krafczek again emailed Hoogenraad to check on the status of his order. Hoogenraad responded later that day and said that he had emailed the factory with an

update since they are now back from the Chinese New Year. Hoogenraad further said that he knew the cars are in production, but he did not know the exact phases of each unit.

28. On March 22, 2021, Krafczek emailed Hoogenraad and asked about the ETA on the vehicles. He informed Hoogenraad that May 2 is the Spring Tide Festival, which is an outdoor festival, and he would like to feature a couple of the ACG vehicles there. He told Hoogenraad that he has 8 cars spoken for and he is considering ordering at least 6 more, but he needed assurances on delivery dates.

29. On March 23, 2021, Hoogenraad emailed Krafczek. He said he was working on getting the delivery dates for Krafczek but with the delays in the LA Harbor it's been hard to nail down solid dates. He told Krafczek that they are supposed to receive the first container of vehicles on April 6 according to customs and the freight forwarder. He said he is still waiting to hear about the remaining vehicles, and he promised to get right back to Krafczek as soon as he has them.

30. In a later March 23, 2021 email, Hoogenraad told Krafczek that "Yes I firmly believe by June 1 you will have them all at your location. We will ship them at the very least 2 at a time for the first few and then try to send the remainder in a full truckload."

31. On April 15, 2021, Hoogenraad emailed Krafczek and said that they finally got a solid date from the harbor that the first of Krafczek's units will be at the dock on April 25. Hoogenraad said they need about a week to do their thing and then they can get them to Krafczek right after that.

32. By this point, Defendants had failed to deliver any of the 12 vehicles Krafczek had ordered and paid a deposit for. According to Moke's invoice, the vehicles were to be delivered to Krafczek within 10-12 weeks from December 29, 2020, or by no later than March 23, 2021.

33. On May 10, 2021, Hoogenraad emailed Kfraczek as follows:

On Mon, May 10, 2021 at 1:23 PM <info@californiaroadster.com> wrote:

Charles,
I finally got confirmation from Customs and Freight Broker that we will have the container on our dock today around 2pm.  There should be at least one of your units in the container that will be here today.  Once the container arrives here I will take photos and send them to you to confirm.  The next container should have 4 more units and the next one should arrive with 6.  The 4 unit one is due to arrive at the harbor any day and as they are finally moving at 50% capacity we should not have to wait too long for it.

I will update you in about 3 hours with more info.

Regards,
Dan

American Custom Golf Cars
1486 E. Francis St.
Ontario, CA 91761
Tel: 909-597-2885
Fax: 909-597-7183
www.californiaroadster.com

34. The next day on May 11, 2021, Krafczek exchanged the following emails with

Hoogenraad.

On May 11, 2021, at 9:14 AM, Charles Krafczek <ckrafczek@gmail.com> wrote:

Hi Dan - did any arrive ??

On May 11, 2021, at 9:14 PM, Info@ <info@californiaroadster.com> wrote:

Charles,
Yes I am happy to report the container arrived. It has the first of your Mokes. The next container has multiple units. We will begin to assemble this one this week and look to have it done by end of week for shipping.
Regards,
Dan
Sent from my iPhone


On May 11, 2021, at 10:19 PM, Charles Krafczek <ckrafczek@gmail.com> wrote:


Great - thanks.  Please keep me posted on additional units.  They are all sold now.  After I am able to drive this one and assuming it drives reasonably well I think we will place an order for 24 more units so we have them for next season.  It appears as though white black and blue are the preferred colors so we will do 10 white, 7 blue and 7 black.

Thanks.  Charles

      35. On May 14, 2021, Krafczek exchanged the following emails with Hoogenraad.

-------- Original Message --------
Subject: Mike
From: Charles Krafczek <ckrafczek@gmail.com>
Date: Fri, May 14, 2021 12:39 pm
To: "Info@" <info@californiaroadster.com>

Is that unit ready to ship ? Thx. CK

Sent from my iPhone

--
Charles C. Krafczek
Charles Street Developers, LLC
P.O. Box 482
Stone Harbor, NJ 08247
(609) 408-6799

On Fri, May 14, 2021 at 5:05 PM <info@californiaroadster.com> wrote:
Not yet, they are programming the controller and testing the car, after that(probably Monday) they will install the rear camera and should be all ready for you by Wednesday for pick up.  Were we arranging shipping or did you have someone in mind?

Regards,
Dan

American Custom Golf Cars
1486 E. Francis St.
Ontario, CA 91761
Tel: 909-597-2885
Fax: 909-597-7183
www.californiaroadster.com

Subject: Re: Mike
From: Charles Krafczek <ckrafczek@gmail.com>
Date: Fri, May 14, 2021 2:21 pm
To: "Info@" <info@californiaroadster.com>

Please arrange for shipping to me - thanks - even getting 1 unit here will be very helpful as I can have one to market with to ither interested buyers. Hopefully the others are not far behind.  How should I handle titling ?  Do you just ship with a certificate of origin and then I fill out the buyers' name' and take to DMV here ?   I assume they all come with a VIN number already ?  correct ?

Thanks.  CK


On Fri, May 14, 2021 at 6:37 PM <info@californiaroadster.com> wrote:
As far as the titling goes, the car will have a 17 digit VIN and we will assign and MCO to it, you would add your name to the back as the Dealer on the top section and then when you

sell it you would add the buyer info in the owner 1 section.  And then the paperwork is ready for DMV and they would exchange the MCO for the title and registration.  The car will come with VIN, Documents, and Rear View Camera to make it up to current NHTSA requirements.

I will get to work on the shipping now so that the brokers can work on it asap to get the pick up set up.  Can you confirm the delivery address where you want the car shipped to?

Regards,
Dan

American Custom Golf Cars
1486 E. Francis St.
Ontario, CA 91761
Tel: 909-597-2885
Fax: 909-597-7183
www.californiaroadster.com

 36. On May 21, 2021, Defendants sent Krafczek an invoice for $7,753.75 for the balance due on the one vehicle ACG claimed it was shipping to Krafczek. Defendants also sent Krafczek a Certificate of Origin for the vehicle.

 37. On May 26, 2021, Hoogenraad emailed Krafczek and told him that the freight broker should be calling him to set up a delivery appointment. Hoogenraad also said that he was sending Krafczek the title documents today by UPS overnight. Hoogenraad asked Krafczek to wire the balance due on the one vehicle supposedly being delivered to Krafczek.

 38. On May 27, 2021, Krafczek emailed Hoogenraad and asked whether he heard from the shipper about the one ACG being delivered and what the status was on the other 11 Moke golfcars. Krafczek told Hoogenraad he needed to give his customers answers about where their Moke golfcars are. Hoogenraad responded later that day, provided Krafczek with a UPS tracking number and said he will have the Moke before 3pm tomorrow at his home address in Stone Harbor.

 39. On June 1, 2021, Krafczek emailed Hoogenraad and asked him if there was any way to track the vehicle because he had not heard from the shipper and more importantly he had not actually received the first Moke vehicle Hoogenraad had told him would be received on May 28.

40. On June 9, 11, and 14, 2021, Krafczek emailed Hoogenraad as he had still not received the vehicle from Defendants that was supposedly shipped by UPS overnight to him on May 27, 2021.

41. On June 14, 2021, Hoogenraad emailed Krafczek as follows.

On Mon, Jun 14, 2021 at 7:02 PM <info@californiaroadster.com> wrote:
Charles,
I'm working on the delivery date.  The broker we used picked the car up and then ended up trans-loading it mid-route.  They promised me that they would have a definite delivery schedule for me by tomorrow.  Once I have it I will let you know.  We have never had this happen before with this particular broker and I can tell you that we won't be using them again.

Regards,
Dan

American Custom Golf Cars
1486 E. Francis St.
Ontario, CA 91761
Tel: 909-597-2885
Fax: 909-597-7183
www.californiaroadster.com

42. Despite repeated emails Krafczek sent Hoogenraad thereafter, he never again heard from Hoogenraad and he never received either the one vehicle that was supposed to be delivered on May 28, 2021 or any of the other 11 vehicles.

## V.     CLAIMS

### COUNT I – New Jersey Consumer Fraud Act
### Krafczek v. ACG and Hoogenraad

43. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

44. ACG engaged in unlawful conduct by receiving a $77,295.00 deposit from Krafczek on December 29, 2020 in exchange for its promise to deliver 12 of its Moke vehicles/custom golfcars to Krafczek on or before March 23, 2021, and then repeatedly promising and assuring Krafczek that he would receive what he paid for, but ACG never followed through on their promises and assurances and failed to deliver any of the 12 vehicles Krafczek ordered.

45. Hoogenraad engaged in unlawful conduct by repeatedly promising and assuring Krafczek that he would receive what he paid for, but Hoogenraad never followed through on his promises and assurances and failed to deliver any of the 12 vehicles Krafczek ordered.

46. As a result of Defendants' unlawful conduct, Krafczek has suffered ascertainable losses of at least $77,295.00.

WHEREFORE, Krafczek demands judgment in his favor and against ACG and Hoogenraad, jointly and/or severally, for declaratory relief that the conduct engaged in by Defendants violated New Jersey's Consumer Fraud Act, equitable/injunctive relief directing Defendants to immediately rectify their wrongful conduct, money damages for provable ascertainable losses Krafczek sustained (including his $77,295.00 deposit), interest, treble damages, attorney's fees and costs, expert witness fees and costs, and such other relief as the Court deems just.

### COUNT II – Conversion
### Krafczek v. ACG

47. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

48. On December 29, 2020, ACG exerted ownership of Krafczek's $77,295.00 deposit under the guise of taking those monies in exchange for providing Krafczek with 12 Moke vehicles on or before March 23, 2021.

49. ACG failed to provide any of the 12 Moke vehicles to Krafczek by March 23, 2021 and has not provided any of the 12 Moke vehicles to Krafczek as of the filing of this Complaint in late January 2022.

50. Upon information and belief, ACG retained Krafczek's deposit monies for itself.

51. ACG engaged in this wrongful, tortious and deceitful conduct without Krafczek's consent.

52. Upon information and belief, ACG engaged in this wrongful, tortious and deceitful conduct with actual malice.

53. As a result of ACG's illegal conversion of Krafczek's $77,295.00 deposit, Krafczek has suffered harms and losses in the form of lost deposit monies, lost goodwill to those persons Krafczek anticipated selling the Moke vehicles to, lost goodwill in the Stone Harbor and Avalon community, and such other relief as the Court shall deem proper..

WHEREFORE, Krafczek demands judgment in his favor and against ACG for compensatory and punitive damages, and such other relief as the Court deems just.

## COUNT III – Breach of Contract
### Krafczek v. ACG

54. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

55. Pursuant to the terms and conditions of ACG's December 22, 2020 written order with Krafczek, ACG promised to deliver 12 of its golf car vehicles to Krafczek within 10-12 weeks after Krafczek paid a 50% deposit ($77,295.00).

56. On December 29, 2020, Krafczek paid ACG the 50% deposit of $77,295.00.

57. ACG failed to deliver to Krafczek any of the 12 Moke vehicles by March 23, 2021 (12 weeks after December 29, 2020) or any time thereafter.

58. As a direct and proximate result of ACG's breach of contract, Krafczek sustained damages of at least $77,295.00.

WHEREFORE, Krafczek demands judgment in his favor and against ACG for $77,295.00, plus interest, costs, and such other relief as the Court deems just.

## COUNT IV – Fraud
### Krafczek v. ACG

59. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

60. ACG made materially false representations to Krafczek regarding the purchase by Krafczek of 12 Moke vehicles from ACG and the subsequent delivery of those vehicles from ACG to Krafczek.

61. ACG knew its material representations to Krafczek regarding his purchase and ACG's delivery of its vehicles to him were false or made material representations to Krafczek regarding this transaction with reckless indifference to the truth of its material representations.

62. ACG made material misrepresentations to Krafczek with the intent that he rely on those material misrepresentations.

63. Krafczek reasonably relied on ACG's representations.

64. Krafczek suffered damages directly resulting from ACG's fraudulent misrepresentations.

WHEREFORE, Krafczek demands judgment in his favor and against ACG for compensatory and punitive damages, and such other relief as the Court deems just.

### COUNT V – Negligent Misrepresentation
### Krafczek v. ACG

65. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

66. ACG negligently made repeated false communications of material facts to Krafczek, including that in exchange for Krafczek paying ACG a $77,295.00 deposit ACG would deliver 12 of its Moke golf car vehicles to Krafczek on or before March 23, 2021 and that at least one of the Moke vehicles was actually shipped to Krafczek on May 27, 2021.

67. Krafczek justifiably relied on ACG's misrepresentations of material fact.

68. As a direct and proximate result of ACG's misrepresentations of material facts, and Krafczek's reasonable and justifiable reliance thereon, Krafczek suffered ascertainable losses.

69. ACG's conduct is illegal based on New Jersey's common law and Restatement Second, Torts, §551(2)(b).

**WHEREFORE**, Krafczek demand judgement in his favor and against ACG for damages the Court deems just.

### COUNT VI – Unjust Enrichment
### Krafczek v. ACG

70. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

71. At all times relevant to this Complaint, ACG, by its policies and practices, benefited from, and increased its profits by accepting a deposit of $77,295.00 from Krafczek and failing to deliver any of the vehicles Krafczek paid the deposit for.

72. ACG accepted and received the benefits of Krafczek's $77,295.00 deposit without properly delivering any of the vehicles Krafczek paid the deposit for. ACG's profits were unjustly enriched at the expense of Krafczek.

**WHEREFORE**, Krafczek seeks judgment from the Court for ACG's unjust enrichment in an amount equal to the benefits unjustly retained by ACG, plus interest on these amounts.

### COUNT VII – Breach of the Covenant of Good Faith and Fair Dealing
### Krafczek v. ACG

73. Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

74. Krafczek had a contract with ACG for the purchase by Krafczek and delivery by ACGto Krafczek of 12 Moke golf car vehicles.

75. As more fully detailed above, ACG acted in bad faith with the purpose of depriving Krafczek of his rights and benefits under the contract.

76. ACG's conduct caused Krafczek to sustain harms and losses, including the $77,295.00 deposit Krafczek paid to ACG in December 2020 and damage to Krafczek's

reputation in the Stone Harbor/Avalon community because of his inability to deliver the Moke vehicles to customers who had ordered them from Krafczek.

**WHEREFORE**, Krafczek demand judgement in his favor and against ACG for damages the Court deems just.

                                  Respectfully submitted,

                    By:    /s/ Scott M. Pollins
                                Scott M. Pollins
                                **Pollins Law**
                                303 W. Lancaster Ave., Ste. 1C
                                Wayne, PA 19087
                                (610) 896-9909 (phone)/(610) 896-9910 (fax)
                                scott@pollinslaw.com (email)

Date:   5/2/22                     Attorney for Plaintiff, Charles C. Krafczek