IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLES C. KRAFCZEK,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL V. HOOGENRAAD and<br>AMERICAN CUSTOM GOLFCARS, INC.,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:22-CV-00286-KMW-MJS<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

      This matter comes before the Court by way of the Motion for Default Judgment filed by plaintiff Charles Krafczek ("Plaintiff") pursuant to Federal Rule of Civil Procedure 55. For the reasons set forth below, Plaintiff's Motion is denied.

      1)      "Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). However, before a court may enter default judgment, the clerk must have previously entered default under Fed. R. Civ. P. 55(a). *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). "Once this procedural hurdle has been met, it is within the discretion of the district court whether to grant a motion for a default judgment." *Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017). Notwithstanding this discretion, default judgment may be entered "only if the plaintiff's factual allegations establish the right to

the requested relief." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotation marks omitted). To that end, a court must determine (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, and (2) whether the unchallenged facts present a sufficient cause of action. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015); *see also Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.*, No. 11–7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). However, even if default judgment is permissible, the Court must weigh the following three factors to determine whether default judgment is proper: (1) prejudice to the plaintiffs if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. *See Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-2164, 2011 WL 42889, at *5 (D.N.J. Jan. 6, 2011) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

  2)  In lieu of submitting a brief to support his Motion for Default Judgment, Plaintiff has offered what is effectively a four-page affidavit from his counsel delineating the factual allegations and procedural history of this case (ECF No. 20 at 2–5.) Plaintiff does not demonstrate how the factual allegations of his Amended Complaint satisfy the essential elements underpinning each of the seven causes of action he asserts, but merely points to Rule 55 and concludes that he is entitled to the entry of default judgment wholesale.[1] In light of the analysis the Court is being asked to undertake, Plaintiff's Motion is, quite simply, inadequate.

  3)  As a reminder, "[p]laintiffs are entitled to default judgment neither as a matter of course nor as a matter of right." *Trustees of Int'l Union of Painters & Allied Trades Dist. Council*

---

[1] Plaintiff's Amended Complaint specifically asserts causes of action for (1) violations of the New Jersey Consumer Fraud Act (Count I); conversion (Count II); breach of contract (Count III); fraud (Count IV); negligent misrepresentation (Count V); unjust enrichment (Count VI); and breach of the covenant of good faith and fair dealing (Count VII).

*711 Health & Welfare Fund v. Arata Expositions, Inc.*, No. 22-CV-04056, 2023 WL 3821133, at *1 (D.N.J. June 5, 2023) (denying motion for default judgment for failure to include brief). It is incumbent upon Plaintiff here to demonstrate, among other things, that his Amended Complaint has "sufficiently pleaded legitimate causes of action"—an endeavor that, even if successful, is still subject to this Court's broad discretion. *Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Indep. Wallcovering, Inc.*, No. 20-7084, 2022 WL 4773694, at *2 (D.N.J. Oct. 3, 2022); *see also Great Lakes Ins. SE v. Ross*, No. 21-17308, 2023 WL 372788, at *4 (D.N.J. Jan. 24, 2023). Stated simply, the Court declines to do Plaintiff's work for him.

Therefore,

**IT IS** this **17th** day of **January 2024**, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 20) is **DENIED WITHOUT PREJUDICE** to Plaintiff's right to file a renewed Motion for Default Judgment accompanied by a brief that properly discusses and applies the standards of law governing the entry of default judgment.

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE